## TRESISE v. ASHDOWN, Admrx. etc.

### Ohio Supreme Court.

### No. 20633. Decided March 28, 1928.

### Error to Cuyahoga Appeals.

### Judgment affirmed.

**118. AUTOMOBILES—829. Negligence.**

Where car is parked without tail light or other warning, rule that other vehicle must be operated at rate of speed which permits driver to stop within range of vision of head lights, does not apply.

**191. BURDEN OF PROOF.**

Where plaintiff's evidence raises presumption of negligence on his part, he is only required to produce evidence sufficient to counterbalance evidence giving rise to presumption.

**480. EVIDENCE.**

Fact that there is no living eye witness of accident, does not make competent evidence to show care usually exercised by decedent in operation of his motor vehicle.

### MATTHIAS, J.

1. In an action to recover damages for injuries claimed to have been sustained by the driver of a motor vehicle resulting from a collision with another motor vehicle parked at the right side of the highway at night with no light in the rear or other warning thereof, an instruction to the jury that operation of such motor vehicle at a rate of speed that the driver cannot stop within the distance that an obstruction in the highway could be seen by his own headlights, constitutes negligence per se, is erroneous.

2. An instruction in such a case that if the proof adduced in behalf of the plaintiff is of such character as to raise a presumption of negligence upon his part the burden rests upon the plaintiff to remove such presumption by a preponderance of the evidence, places an unwarranted burden upon the plaintiff and constitutes prejudicial error. He is only required to produce evidence sufficient to counterbalance the evidence giving rise to the presumption; it need not overbalance or outweigh it.

3. The fact that there is no living eye witness of such accident does not make competent evidence tendered on behalf of the plaintiff tending to show the care usually exercised by the decedent in the operation of his motor vehicle.

(Marshall, CJ., Day, Allen, Kinkade, Robinson and Jones, JJ. concur.)

## GROSS v. CAMPBELL et.

### Ohio Supreme Court.

### No. 20482. Decided March 28, 1928.

### Error to Mahoning Appeals.

### Judgment affirmed.

**297. CONTRACTS—972a. Public Policy—923. Pleadings—396. Directed Verdicts.**

Where sole basis of action, as set forth in petition, is contract which clearly contravenes public policy, not error for court to direct verdict.

### KINKADE, J.

A petition which sets forth, as the sole basis of the action, a contract between the plaintiff and the defendant which clearly contravenes public policy, does not state facts sufficient to constitute a cause of action, and it is not error for the trial court at the beginning of the trial, on motion of the defendant, to exclude all evidence, withdraw the case from the consideration of the jury, and direct the jury to return a verdict for the defendant.

(Marshall, CJ., Day, Allen, Robinson, Jones and Mathias, JJ. concur.)

## WILSON v. COLUMBIA CAS. CO.

### (Two cases)

### WILSON v. HANRATTY

### Ohio Supreme Court.

### Nos. 20847-48, and 20882.

### Decided March 28, 1928.

### Error to Cuyahoga Appeals.

### Judgment affirmed.

**362. DEBTOR AND CREDITOR—681. Jurisdiction— 677. Judgments and Decrees—293. Contempt.**

1. Where judgment debtor has property which he unjustly refuses to apply toward satisfaction of judgment, fact that such property is in the hands of person not residing in this state, does not defeat jurisdiction of court to make order upon judgment debtor to apply such property toward satisfaction of said judgment.

2. Where judgment debtor has not exercised due diligence to comply with such order, court may order him confined for contempt.

### ALLEN, J.

1. Under Sections 11769 and 11781, General Code, upon an examination of a judgment debtor after execution issues, it is shown to the satisfaction of the court of common pleas, or a judge thereof, or a probate judge, of the county in which the debtor has property which he unjustly refuses to apply toward the satisfaction of the judgment, such court or judge may order any property of the judgment debtor, or money due him, not exempt by law, in the hands either of himself or other person or of a corporation, to be applied toward the satisfaction of the judgment. The fact that such property belonging to and in the absolute control and disposition of the judgment debtor is in the hands of a person not residing in this state does not defeat the jurisdiction of the court to make such order upon the judgment debtor of whose person the court has jurisdiction.

2. When an order in aid of execution has been made, commanding a judgment debtor to apply to the payment of a judgment money belonging to him and under his absolute control and disposition, which he has received and wrongfully and fraudulently sent out of the state with intent to prevent the same being applied on such judgment, and the judgment debtor has not exercised due diligence to comply with such order in aid of execution, the court may order him confined for contempt of court until he complies with such order.

(Day, Kinkade, Robinson, Jones and Matthias, JJ. concurs. Marshal, C. J. dissents.)